-PS-O-

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

---

ROBERT MCCULLOUGH,

        Petitioner,

        -v-

BRIAN FISCHER, Commissioner of the New York
State Department of Corrections and Community Supervision,

        Respondent.

DECISION AND ORDER
13-CV-1176S

---

## INTRODUCTION

Petitioner, Robert McCullough, has filed a petition under 28 U.S.C. § 2241(a)(3) claiming that he is being held in custody by the New York State Department of Corrections and Community Supervision ("DOCCS") unlawfully and in violation of the sentence imposed orally by the sentencing court, Monroe County Court, on October 15, 1998. Petitioner claims, as best the Court can discern,[1] that the Judge pronounced that he was being sentenced, upon his conviction of two counts of Criminal Possession of a Weapon in the Second Degree (N.Y. Penal Law, § 265,03), to a "single indeterminate sentence of 7-1/2 to 15 years and an indeterminate sentence of 3-1/2 to 7 years upon the conviction of Criminal Possession of a Weapon in the Third Degree (N.Y. Penal Law[, §] 265.02)." The Judge ordered that the "two imposed sentences" were to run concurrently . . . ." (Docket No. 1, Petition, ¶ 1, at 3.) At the time of the sentencing, petitioner was serving an

---

[1] "It is well established that the submissions of a pro se litigant must be construed liberally and interpreted to raise the strongest arguments that they suggest." *Triestman v. Fed. Bur. of Prisons*, 470 F.3d 471, 474 (2d Cir.2006) (citation, internal quotation marks and emphasis omitted).

unrelated prison sentence of 10 to 20 years,² and the Judge ordered that the sentences being imposed were to run consecutive to the unrelated sentence petitioner was then serving. (*Id.*, ¶ 2, at 3.)

Petitioner then claims that after serving over 14 years, he obtained a copy of the sentencing transcripts and the order of commitment. Upon reviewing the transcripts, he discovered that while it was the Judge's intention to impose consecutive sentences upon the two separate counts of Criminal Possession of a Weapon in the Second Degree, the transcripts demonstrate clearly that the Judge imposed only a "single sentence upon both [Second Degree] counts and failed to direct that said sentences were to be run consecutive to each other." ((Petition, at ¶ 3, at 4 (citing Exh. A, Sentencing Transcript, at 26-27.) The order of commitment, however, states that the " 'two' separate indeterminate sentences of 7-1/2 to 15 years was imposed upon [the] 'two' separate criminal possession of a weapon in second degree offenses (convictions)." The order of commitment also states that the two 7-1/2 to 15 year sentences were consecutive. (*Id.*, ¶ 4, at 4 (citing Exh. B).)

Petitioner therefore claims that since the order of commitment conflicts with the sentence imposed orally by the Judge, the sentence imposed orally controls and because the State has refused to correct the order of commitment due process prohibits the order of commitment from being corrected at this late time and he should be released unconditionally. (*Id.*, at 14.) Petitioner appears to argue that since the State has refused to correct the order of commitment when he brought it to its attention, there was no sentence imposed upon one of the two counts of Criminal Possession of a Weapon in the

---

²See *McCullough v. Bennett, Jr.*, No. 03-CV-0085 (VEB), Docket. No. 25, denying petitioner's petition for a writ of habeas corpus challenging the conviction upon which he was sentenced to 10 to 20 years.

Second Degree and since he has served over 16 years in prison he "has completed the minimum term of his unrelated indeterminate 10 to 20 year sentence by over 6 years and has also completed and pas[s]ed his Conditional Release (good time) date upon the unrelated 10 to 20 year indeterminate prison term." (*Id.*, at 15.)

Petitioner alleges that upon discovering that the order of commitment did not reflect accurately the sentence pronounced orally by the Judge, he submitted a letter, dated June 5, 2012, to the "the attorney in charge" informing him of such error and requesting that a correction be made. On October 15, 2012, he received a reply from a Sentencing Review Coordinator asserting that petitioner's sentence complied with Section 70 of New York's Penal Law. (*Id.*, ¶¶ 5-6, at 5.) On June 11, 2012, petitioner wrote to the Inmate Records Coordinator at the Elmira Correctional Facility and he received a reply, dated June 21, 2012, asserting that DOCCS was bound by the order of commitment and advising him that if he believed the order of commitment or sentencing minutes were incorrect he should write to the Monroe County Court. (*Id.* at ¶ 7, at 5-6.)

On October 23, 2012, petitioner filed a state court proceeding in Supreme Court, Albany County under Article 78 of New York's Civil Practice Law and Rules, seeking an order compelling DOCCS to either inform Monroe County Court of the sentencing errors or calculate his sentence upon the sentence orally pronounced as reflected in the transcript of the sentencing. (*Id.*, at ¶ 8, at 6.) The petition was denied on the basis that " '[i]t is well settled, however, that prison officials are conclusively bound by the contents of commitment papers accompanying a prisoner.' " The order denying the petition also noted that any issues related to a discrepancy between the sentencing minutes and commitment

order must be raised in the sentencing court and not in an Article 78 proceeding. On November 7, 2013, the Appellate Division, Third Department affirmed the denial of petitioner's Article 78 petition. (*Id.*, at ¶¶ 9-12, at 7-8.)

## DISCUSSION

### A. Recharacterization of Petition

Petitioner purports to bring the instant petition under 28 U.S.C. § 2241 and states that he is not "attacking and/or challenging the state court conviction and/or judgment." He claims his sole contention is that he is being held unlawfully in violation of the Fourteenth Amendment's Due Process Clause. (Petition, at 1.) The Court presumes there are a couple of reasons why petitioner states specifically that he is bringing this petition under § 2241, and not § 2254, and that he is not attacking the conviction itself, including AEDPA's[3] gate-keeping mechanism, 28 U.S.C. § 2244(b), and timeliness provisions, *id.*, § 2244(d)(1)-(2). However, the United States Court of Appeals has made it clear that a state prisoner "must, bring a challenge to the execution of his or her sentence . . . under §§ 2254. A petition under §§ 2241 is therefore unavailable to [such a petitioner.]" *Cook v. New York State Div. of Parole,* 321 F.3d 274, 278 (2d Cir.2003); *see, e.g., James v. Walsh,* 308 F.3d 162, 167 (2d Cir.2002); *Jenkins v. Haubert,* 179 F.3d 19, 23-24 (2d Cir.1999) (citing *Preiser v. Rodriguez,* 411 U.S. 475, 489–92 (1973)); *Savage v. Snow,* 575 F.Supp. 828, 834 (S.D.N.Y.1983) ("a state prisoner seeking the restoration of good time credits must

---

[3]Antiterrorism and Effective Death Penalty Act, Pub.L. No. 104-132, 110 Stat. 1214 (1996).

4

bring an action for a writ of habeas corpus under 28 U.S.C. §§ 2254") (citing *Preiser, supra*).

> Section 2254 governs petitions filed on behalf of any person 'in custody pursuant to the judgment of a State court,' 'on the ground that he is in custody in violation of the Constitution or laws of treaties of the United States.' By its terms, section 2254 'is not limited to challenges to an underlying conviction or sentence but can be used by any state prisoner who is in custody pursuant to a state court judgment and who challenges that custody on constitutional grounds.'

*Robinson v. Atkinson*, 2004 WL 1798129 (S.D.N.Y., Aug. 5, 2004) (quoting 28 U.S.C. § 2254; and citing *Rossney v. Travis*, 2003 WL 135692, at *3 (S.D.N.Y. Jan. 17, 2003); see also *James*, 308 F.3d at 167 (A federal due process challenge claiming state incarceration beyond that authorized by a judgment and sentence is a claim that state prisoner is "in custody" in violation of federal laws, and thus is within federal habeas corpus statute for state prisoners--2254--, not traditional habeas corpus statute– 2241.) Because petitioner is a state court prisoner challenging the execution of a state court sentence, the instant petition must be recharacterized as one brought under § 2254.

### B. Notice of Recharacterization and Opportunity to Withdraw

Generally, before a court can recharacterize a petition brought under § 2241 or some other statute as one brought under § 2254 it must first provide petitioner notice and an opportunity to withdraw the petition lest the petition be subject to the gatekeeping mechanism of § 2244(b) without petitioner's notice of the consequences of that.[4] See *Cook*, 321 F.3d at 281-82; see also *Adams v. United States* ("*Adams I*"), 155

---

[4] 28 U.S.C. § 2244(b)(2) reads:

A claim presented in a second or successive habeas corpus application under section 2254 that was not presented in a prior application shall be dismissed unless--

F.3d 582, 584 (2d Cir. 1998) (district courts should not recharacterize motions brought under some other provision to ones brought under § 2255 unless petitioner is advised of consequences of such recharacterization, *i.e.*, second or successive petition restrictions, and provided opportunity to withdraw petition).[5] *Accord Gitten v. United States*, 311 F.3d 529, 532-33 (2d Cir.2002). In addition, a petition recharacterized as one brought under § 2254 will also be subject to the one year period of limitations set forth in § 2244(d)(1).

### C. Second or Successive Petition

Petitioner has already brought a petition under § 2254 challenging the imposition of the Criminal Possession of Weapons convictions at issue and it was denied. *McCullough v. Bennet*, 02-CV-0249S. The judgment denying the petition was affirmed by the Second Circuit. (*Id.*, Docket Nos. 12-15.) If the instant petition is a second or successive petition under § 2244(b), then notice and an opportunity to withdraw is not required because if the first petition has been denied on the merits previously "the concerns raised in *Adams [I]* are not implicated when AEDPA's gatekeeping limitations

---

(A) the applicant shows that the claim relies on a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable; or

(B) (i) the factual predicate for the claim could not have been discovered previously through the exercise of due diligence; and
(ii) the facts underlying the claim, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that, but for constitutional error, no reasonable factfinder would have found the applicant guilty of the underlying offense.

[5]Specifically, the Second Circuit stated:

[D]istrict courts should not recharacterize a motion purportedly made under some other rule as a motion made under § 2255 unless (a) the movant, with knowledge of the potential adverse consequences of such recharacterization, agrees to have the motion so recharacterized, or (b) the court finds that, notwithstanding its designation, the motion should be considered as made under § 2255 because of the nature of the relief sought, and offers the movant the opportunity to withdraw the motion rather than have it so recharacterized. *Adams*, 155 F.3d at 584.

have already been triggered by the prisoner's knowing conduct in filing for habeas relief under § 2255." *Adams v. United States* ("*Adams II*"), 372 F.3d 132, 136 (2d Cir. 2004) (citing *Jiminian v. Nash*, 245 F.3d 144, 148 (2d Cir. 2001). In other words, notice is not necessary if a previously filed § 2254 petition has been denied on the merits. See *Jiminian*, 245 F.3d at 148 (so holding in the context of a § 2255 Motion).

The Second Circuit has also held that "when a prisoner has already had a § 2255 petition dismissed on the merits, a district court faced with a § 2241 petition raising *previously available* claims that are properly the subject of a § 2255 motion should treat the motion as a second or successive motion and refer it to [the Second Circuit] for certification [under § 2244(b)(2)]." *Adams II*, 372 F.3d at 136 (emphasis added) (citing *Jiminian*, 245 F.3d at 148).[6]

The question therefore is whether the instant petition is a second or successive petition under § 2244(b). If it is, the petitioner does not need to be provided notice before the petition is recharacterized as one brought under § 2254, see *Jiminian*, 245 F.3d at 148; *Adams II*, 372 F.3d at 136, and the petition must be transferred to the Second Circuit for a determination under § 2244(b)(2)-(3)--*i.e.*, whether the Second Circuit will authorize the district court to consider a second or successive petition. See *Jiminian*, 245 F.3d at 148.

---

[6]The Second Circuit in *Jiminian* addressed a § 2255 petition, not a § 2254 petition but "[t]he Second Circuit has held that, regarding grounds for relief, " 'Sections 2254 and 2255 are generally seen as in pari materia.' " Therefore, in comparing Section 2241 petitions to Section 2254 petitions, the court will apply reasoning articulated in cases comparing Section 2241 petitions to Section 2255 petitions." *Figueroa v. Walsh*, 2007 WL 2288048, at *3, n.2 (E.D.N.Y., August 8, 2007).

In *James*, 308 F.3d at 167-68, the Second Circuit addressed a similar question regarding whether a later filed petition which raised a claim alleging the incorrect application of credit for time served and a miscalculation of James's conditional release date was a second or successive petition under § 2244(b). *Id.*, at 168. James had filed previously a habeas corpus petition under § 2254 challenging the imposition of his sentence and it was denied as time barred. James then brought another § 2254 petition claiming that the New York State Department of Corrections (DOCS), DOCCS's predecessor, had erred "in its calculation and application of his sentence and that he was being held in violation of federal and state law. Specifically, James alleged that DOCS had failed to apply the credit the for time served on his lesser sentence to his overall sentence, and thus miscalculated his conditional release date as April 2000 instead of April 1999." *Id.*, at 165. The district court determined that the later petition was a second or successive petition and transferred it to the Second Circuit for a determination under § 2241(b)(2)-(3) regarding whether leave to file a second or successive petition in the district court would be granted.

James then filed an application for leave to file a second or successive petition and counsel was appointed to address the issues of whether (i) James's "attack on the administration of his sentence was properly brought in a Section 2254 petition; (ii) James's current application [petition] should be treated as a first petition under *Stewart v. Martinez-Villareal*, 523 U.S. 637 (1998)." Following submissions by James's counsel, the Second Circuit addressed the following issues: "(i) whether [§ 2244(b)(2)'s] gatekeeping requirements apply to James's 1999 petition, given that he challenged the administration, rather than legality, of his sentence, (ii) if so, whether James's 1999

petition is successive within the meaning of Section 2244, and (iii) if the petition is not successive, whether [the Second Circuit] may consider its merits." *James*, 308 F.3d at 166.

After determining that James's petition was properly brought under § 2254, and not § 2241, *id.* at 166-67, and thus subject to § 2244(b)(2)'s gatekeeping mechanisms, the Court then went on to decide if the petition was a second or successive petition. Because what constitutes a "second or successive petition within the meaning of § 2244(b) is not defined, the Court had to look to the pre-AEDPA abuse-of-writ doctrine. Under said doctrine, "a subsequent petition is 'second or successive' when it raises a claim that was, or could have been, raised in an earlier petition." *Id.* at 167 (citations omitted). Because James's subsequent petition alleged "the incorrect application of credit for time served and a miscalculation of the conditional release date[,] James could not have argued that he was in custody in violation of laws of the United States before the time when, according to his calculations, he should have been released. . . . Thus, the present claim had not arisen by 1997, when James filed his first habeas petition." *Id.* at 168.

The Second Circuit held that "[b]ecause the claim asserted in the [subsequent] petition did not exist when James filed his [first] petition, the [subsequent] petition was not 'second or successive' for the purposes of AEDPA's gatekeeping provisions." *Id.* The Court also held that a denial of James's application for leave to file the petition might implicate the Suspension Clause of the United States Constitution. *Id.* Thus,

claims that could not have been raised in an earlier petition do not implicate AEDPA's gatekeeping requirements. *Id.*

Applying the holding of *James* to the instant petition, the question appears to be whether the claim alleged in the instant petition existed at the time petitioner filed his first petition in 2002 in which he challenged the imposition of his sentence. As outlined above, petitioner claims, or at least appears to claim, that because the sentencing court orally imposed only a single sentence of 7-1/2 to 15 years on the two Criminal Possession of a Weapon in the Second Degree convictions but the commitment order imposed a sentence of 7-1/2 to 15 years on both counts to run consecutively, the order of commitment is a nullity and cannot be corrected at this time without running afoul of due process. Because petitioner has served the minimum term of his unrelated 10 to 20 year sentence by over six years and the order of commitment upon which he is being held by DOCCS is a nullity, petitioner claims he is entitled to an unconditional discharge. In 2002, when petition filed the first petition, he would not have, according to his calculations, served the minimum term of his unrelated 10 to 20 year sentence and therefore he could not have brought this claim in that earlier petition.

Accordingly, because petitioner could not have brought back in 2002 the instant claim--as construed--, the instant petition, pursuant to the holding of *James*, is not a second or successive petition that needs to be transferred to the Second Circuit pursuant to § 2244(b)(2) and the Court must therefore provide notice to petitioner of its

intention to recharacterize the instant petition as one brought under 28 U.S.C. § 2254 and an opportunity for petitioner to withdraw the petition.[7]

Petitioner will therefore be provided an opportunity to withdraw the instant petition no later than **March 1, 2014**. If petitioner does not provide the Court notice of his intent to withdraw the instant petition, the petition will be recharacterized as one brought under § 2254 and respondent will be directed to file a response and memorandum of law in opposition to the petition. In light of the issues addressed above and if petitioner consents to the recharacterization of the petition, the Court will provide respondent an opportunity to address the following issues at this time: (i) whether the petition is a second or successive petition and (ii) if so, should it be transferred to the Second Circuit for a determination whether petitioner should be granted leave to file a second or successive petition. Respondent my respond to this Order no later than **March 21, 2014.**

## CONCLUSION

Based on petitioner's claim related to the execution of his sentence, the instant petition must be recharacterized as a petition brought under 28 U.S.C. § 2254. Before such recharacterization, however, the Court must first provide petitioner notice of its intention to recharacterize the petition to one brought under § 2254 and the opportunity to withdraw it rather than having it so recharacterized and subject to the gatekeeping requirements of § 2244(b)(2) and the one year statute of limitations set forth in § 2244(d). If petitioner does not respond to this Order by **March 1, 2014**, and advise the

---

[7]The Court expresses no opinion at this time regarding the viability *vel non.* of petitioner's claim.

Court of his intention to withdraw the petition, the petition will be so recharacterized and respondent will be directed, pursuant to Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts, to respond to the petition. At this time, respondent will be provided an opportunity to address the following issues no later than **March 21, 2014**: (i) whether the petition is a second or successive petition and (ii) if so, should it be transferred to the Second Circuit for a determination whether petitioner should be granted leave to file a second or successive petition in this Court.

## ORDER

IT IS HEREBY ORDERED that the Court intends to recharacterize the instant petition as one brought under 28 U.S.C. § 2254 and that said recharacterization means that the petition will be subject to the gatekeeping requirements of 28 U.S.C § 2244(b) and the one year statute of limitations of 28 U.S.C. § 2244(d);

FURTHER, that the recharacterization will occur unless petitioner notifies the Court, in writing, no later than **March 1, 2014**, that he either (1) consents to the recharacterization despite the consequences of recharacterization and the application of the one year period of limitations as set forth above, or (2) voluntary withdraws the petition rather than it being recharacterized as one brought under 28 U.S.C. § 2254;

FURTHER, that if petitioner does not advise the Court, in writing, by **March 1, 2014**, of either his consent to the recharacterization of this petition or his voluntary withdrawal of this petition, the Court will recharacterize the petition as one brought under § 2254;

FURTHER, that respondent may file a response to this Order no later than **March 21, 2014**, addressing the following issues: (i) whether the petition is a second or successive petition and (ii) if so, should it be transferred to the Second Circuit for a determination whether petitioner should be granted leave to file a second or successive petition in this Court. Petitioner may file a reply to any response of respondent no later than **April 5, 2014**; and

FURTHER, that the Clerk of the Court shall serve a copy of the petition, together with a copy of this order, electronically via a Notice of Electronic Filing to Alyson Gill <Alyson.Gill@ag.ny.gov> and Arlene.Roces@ag.ny.gov> of the Office of the Attorney General, Federal Habeas Unit.

SO ORDERED.

Dated:     FEB. 3 , 2014
Rochester, New York

                                         Charles Siragusa
                                         CHARLES J. SIRAGUSA
                                         United States District Judge